UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ADRIENNE F. MCGLONE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 09-12049-JLT |
| | * | |
| DEPARTMENT OF VETERANS AFFAIRS, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER

December 15, 2010

TAURO, J.

After reviewing the Parties' submissions, this court hereby orders that Defendants'

unopposed Motion to Dismiss [#21] is ALLOWED. Plaintiff's Complaint fails to state a claim

upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and fails

to comport with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).[1]

Plaintiff has failed to state a claim under the Notification and Federal Employee

Antidiscrimination and Retaliation Act of 2002 and the Whistleblower's Protection Act because

her allegations under those Acts are vague and conclusory. Plaintiff also fails to state a claim for

hostile work environment under Title VII of the Civil Rights Act for the same reason and because

"the federal employment discrimination laws do not establish a 'general civility code' for the

workplace.'"[2]

---

[1] See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940–41, 1949–50 (2009).

[2] Rios-Jimenez v. Principi, 520 F.3d 31, 44 (1st Cir. 2008) (quoting Quiles-Quiles v. Henderson, 439 F.3d 1, 7 (1st Cir. 2006)).

Finally, this court does not have jurisdiction under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). A plaintiff must first bring a claim under USERRA to the Veterans' Employment and Training Service ("VETS").[3]

This case is CLOSED.

IT IS SO ORDERED.

United States District Judge

---

[3] 38 U.S.C. § 4322. If VETS cannot resolve the complaint, it will refer the matter to the Department of Labor or the Office of Special Counsel for litigation before the Merit Systems Protection Board. Id. § 4324(a)(1).